**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

ROBERT LANCE WALKER                                                PLAINTIFF

v.                              NO. 3:16CV00345 JLH

MARTY BOYD, *et al.*                                              DEFENDANTS

## ORDER

Plaintiff Robert Lance Walker, an inmate at the Poinsett County Detention Center, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on December 12, 2016. Document #2. The Court granted Walker's application to proceed *in forma pauperis* on December 14, 2016. Document #3.

## I.  Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee, 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

Walker alleges that prior to his current incarceration in Poinsett County, he was arrested and incarcerated for 15 days in Craighead County for terroristic threatening, assault on a family member, and theft of property. He also claims he was slandered by having his name released on mobile patrol and in the news. Walker alleges the charges against him were later dropped. Walker sues defendants Craighead County Sheriff Marty Boyd, Judge Keith Blackman, and prosecuting attorney Scott Ellington in their official but not personal capacities. He seeks reimbursement for the amount he spent on bail and payment for the 15 days he spent in jail. However, Walker does not describe

any additional facts concerning his arrest and incarceration or the release of his name, what actions

each defendant took in connection with these events, or how his constitutional rights were violated.

The Court must have complete information regarding the allegations against each defendant

in order to complete § 1915A screening.  Therefore, Walker must file a legible amended complaint

within thirty days from the date of this Order explaining how each defendant violated his

constitutional rights, how he was personally harmed by each alleged constitutional violation, and

why he seeks relief against the defendants in their official capacities.  Walker is cautioned that an

amended complaint renders his original complaint without legal effect.  Only claims properly set out

in the amended complaint will be allowed to proceed.  Walker's failure to timely file an amended

complaint will result in the dismissal of his complaint pursuant to Local Rule 5.5(c)(2).

## II.  Conclusion

IT IS THEREFORE ORDERED THAT Walker is directed to submit an amended complaint,

with the information specified in this order, no later than 30 days after the entry date of this order.

Walker's failure to do so will result in the dismissal of his complaint.

DATED this 22nd day of December, 2016.

_____

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE